IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TRINIDAD RODRIGUEZ and ALICIA RODRIGUEZ | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-cv-00220 |
| DANNY SEANEZ and UNITED STATES OF AMERICA, | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW TRINIDAD RODRIGUEZ and ALICIA RODRIGUEZ, (hereinafter collectively referred to as "Plaintiffs"), complaining of DANNY SEANEZ (hereinafter referred to as Defendant "SEANEZ") and UNITED STATES OF AMERICA (hereinafter referred to as Defendant "UNITED STATES"), and files this Original Petition, and would show the Honorable Court and/or Jury as follows:

### I. PARTIES

1.  Plaintiffs, TRINIDAD RODRIGUEZ and ALICIA RODRIGUEZ, are residents of El Paso County, Texas and the last four numbers of TRINIDAD RODRIGUEZ' driver's license are 8060.

2.  Defendant, DANNY SEANEZ, is a resident of El Paso County, Texas and may be served with process at 3317 Tyrone Dr., El Paso, Texas 79925 and/or wherever he may be found.

3.  Defendant, UNITED STATES OF AMERICA, is a government entity and may be served with process by serving the United States Attorney, El Paso, Texas by mailing by certified mail

1

return receipt requested to the Civil Process Clerk at the office of the United States Attorney and mailing by certified mail return receipt requested two (2) copies of the summons and two (2) copies of the complaint to the U.S. Attorney General, Merrick Garland, to the U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001, and/or in any other manner of service authorized by law.

## II. JURISDICTION AND VENUE

4. The Court has Jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and 28 U.S.C. § 1346(b).

5. Venue is proper in this district pursuant to 28 U.S.C § 1402(b) because the events forming the basis of this complaint took place within the El Paso Division of the Western District of Texas, specifically El Paso County, Texas.

6. Plaintiffs gave timely notice to Defendant UNITED STATES of their claims in accordance with Federal Tort Claim Act on or about August 14, 2021. More than six (6) months have elapsed since filing his claims and there has been no resolution. In accordance with Section 2675 (a) of Title 28 of the United States Code, Plaintiffs deem the claims finally denied by the U.S. Postal Service and so have established the Court's jurisdiction to proceed with their claims against the United States in this suit.

7. Plaintiffs anticipate that Defendant SEANEZ will be determined by the Department of Justice and Defendant UNITED STATES that he was a federal employee acting within the course and scope of his employment at the time of the events giving rise to this suit, and upon certification of same, Defendant SEANEZ will be dismissed and the case will thereafter proceed against Defendant UNITED STATES under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2679(d).

## III. BACKGROUND FACTS

8. The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about August 14, 2021, in El Paso County, Texas.

9. On information and belief, at such time and place Defendant, SEANEZ, was acting in the course and scope of his employment with Defendant, UNITED STATES, (U.S. Postal Service), was driving a vehicle Northbound on the 800 block of Silvestre.

10. Plaintiffs were traveling Eastbound on the 8400 block of Castner, when suddenly and without warning Defendant, SEANEZ, failed to yield the right of way and struck the front right side of Plaintiffs' vehicle, causing serious personal injuries and substantial property damage.

11. As a direct and proximate result of Defendants, SEANEZ, and USPS' negligence, the vehicle driven by Defendant, SEANEZ, struck Plaintiffs' vehicle, causing this incident and substantial damage and serious harm to Plaintiffs' person.

12. At the time and place of the above-described incident, Defendant, SEANEZ, negligently operated and/or maintained the motor vehicle owned by the Defendant, USPS, causing this collision with Plaintiffs' vehicle and proximately causing Plaintiffs to suffer injuries and damages.

## IV. COUNT ONE:
## UNITED STATES (*RESPONDEAT SUPERIOR*)
## LIABILITY UNDER FEDERAL TORT CLAIMS ACT

13. Plaintiffs reallege the foregoing paragraphs.

14. Plaintiffs hereby assert the theory of *respondeat superior* of Defendant, UNITED SATES, and its liability undern the Federal Tort Claims Act for the negligent and reckless conduct of Defendant SEANEZ and/or other federal employees acting within the course and scope of their Federal employment.

15. Said collision and Plaintiffs' damages described above were proximately caused by Defendant, UNITED STATES', employee's violation of the laws of the State of Texas and of the United States of America, constituting negligence per se.

16. Defendant, UNITED STATES, and Defendant, SEANEZ, owed a duty of reasonable degree of care to Plaintiffs. Plaintiffs' damages were proximately caused by the negligence of Defendant, UNITED STATES, and Defendant, SEANEZ, acting within the course and scope of his employment with Defendant, UNITED STATES, arising from one or more of the following alternative theories of negligence recognized under state law:

   a. Failure to Yield Right of Way C/A in violation of Tex. Transp. Code Ann §545.062(a).
   b. Driving reckless in violation of Tex. Transp. Code Ann. §545.401.
   c. Failure to obey traffic signs/signals/lights.
   d. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
   e. Failure to safely apply brakes to avoid an incident.
   f. Failure to honk and give adequate warning of the impending danger.
   g. Failure to warn of his approach.
   h. Failure to pay attention.
   i. Failure to take proper evasive action.
   j. Failure to turn left or right in order to avoid a collision.
   k. Failure to use due care and caution under the circumstances then existing.
   l. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351).
   m. Other acts of negligence that may be established through discovery in this case.

17. Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' injuries and damages.

18. As a result of said negligence described above that proximately caused Plaintiffs' damages, Defendant, SEANEZ, is liable to Plaintiffs under Texas law.

19. As a result of said negligence described above that proximately caused Plaintiffs' damages, Defendant, UNITED STATES, is liable to Plaintiffs under the Federal Tort Claim Act.

# V. COUNT TWO:
# NEGLIGENCE OF UNITED STATES (INDEPENDENT)
# LIABILITY UNDER FEDERAL TORT CLAIMS ACT

20. Plaintiffs reallege the foregoing paragraphs.

21. Pleading alternatively, and without waiving the forgoing, Defendant, UNITED STATES, was independently negligent by engaging in the following negligent acts and/or omissions other than what a reasonable and prudent person would have been doing under the same or similar circumstances, arising from one or more of the following alternative theories of independent negligence recognized under state law:

   a. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act;
   b. That on August 14, 2021, Defendant, USPS was negligent by entrusting the control and operation of its commercial motor vehicle, which was under its control, to Defendant, SEANEZ;
   c. Allowing Defendant, SEANEZ to operate its vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to above, when it knew or should have known that Defendant, SEANEZ was unfit and unskilled to operate the vehicle.
   d. Failing to properly train, supervise and educate its drivers;
   e. Failing to properly screen its applicants for driver certifications;
   f. Failing to comply with the U.S. Department of Transportation rules and regulations for commercial drivers in permitting Defendant, SEANEZ to drive;
   g. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;
   h. Failure to adequately communicate orders, instructions and directions;
   i. Failure to qualify its drivers in accordance with the Federal Motors Carriers Safety Act;
   j. Other acts of negligence that may be established through discovery in the case.

22. Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' injuries and damages.

23. As a result of said negligence described above that proximately caused Plaintiffs' damages, Defendant, UNITED STATES, is liable to Plaintiffs under the Federal Tort Claim Act.

# VI. COUNT THREE:
# NEGLIGENCE OF DRIVER SEANEZ
# ALTERNATIVE LIABILITY UNDER TEXAS LAW

24. Plaintiffs reallege the foregoing paragraphs.

25. Pleading alternatively, and without waiving the forgoing, in the unlikely event that the Department of Justice and Defendant, UNITED STATES, claim and establish that Defendant, SEANEZ, was not a federal employee acting within the course and scope of his employment at the time of the events giving rise to the suit, Plaintiffs hereby alternatively allege that the collision and Plaintiffs' damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant, SEANEZ, recognized under state law:

   a. Failure to Yield Right of Way C/A in violation of Tex. Transp. Code Ann §545.062(a).
   b. Driving reckless in violation of Tex. Transp. Code Ann. §545.401.
   c. Failure to obey traffic signs/signals/lights.
   d. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
   e. Failure to safely apply brakes to avoid an incident.
   f. Failure to honk and give adequate warning of the impending danger.
   g. Failure to warn of his approach.
   h. Failure to pay attention.
   i. Failure to take proper evasive action.
   j. Failure to turn left or right in order to avoid a collision.
   k. Failure to use due care and caution under the circumstances then existing.
   l. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351).
   m. Other acts of negligence that may be established through discovery in this case.

26. Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' injuries and damages.

27. As a result of said negligence described above that proximately caused Plaintiffs' damages, Defendant, SEANEZ, is alternatively liable to Plaintiffs under Texas law.

## VII. DAMAGES OF PLAINTIFFS

28. Plaintiffs reallege the foregoing paragraphs.

29. As a direct result of the occurrence, Plaintiffs have suffered severe bodily injuries and impairment.

30. As a further result of the occurrence, Plaintiffs have incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs and the charges made and to be made were the usual and customary charges for such services. Plaintiffs will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

31. As a further result of the occurrence, Plaintiffs have lost income in the past and have incurred loss of future wage-earning capacity.

32. As a further result of the occurrence, Plaintiffs have suffered pain and suffering in the past and will continue to suffer pain and suffering in the future and have suffered severe mental anguish in the past and will continue to suffer severe mental anguish in the future.

33. As a further result of the occurrence, Plaintiffs have suffered from physical impairment, loss of enjoyment of life, and disfigurement in the past, and will continue to suffer from physical impairment, loss of enjoyment of life, and disfigurement in the future.

## VIII. PROPERTY DAMAGE

34. Plaintiffs reallege the foregoing paragraphs.

35. As a result of the occurrence, Plaintiffs would show that as a direct and proximate result of Defendants' negligence, Plaintiffs' vehicle, a 2003 Dodge Dakota TR was severely damaged. Plaintiffs seek compensation for their property damage, loss of use of their vehicle and diminished

value of their vehicle.

36. As a result of the occurrence, Plaintiffs have suffered damages and seek all relief for such damages allowed under the Federal Tort Claims Act and/or by law.

## IX. PUNITIVE DAMAGES

37. Plaintiffs reallege the foregoing paragraphs.

38. Alternatively, and without waiving the forgoing, Plaintiffs are entitled to punitive damages because of Defendants' malice and gross negligence. Defendants' acts and omissions, viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of others. Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants for their reckless, heedless and/or grossly negligent conduct to set an example for others that such conduct will not be tolerated.

39. Plaintiffs request a trial by the Honorable Judge of all issues to the extent permitted by law.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants for all relief requested, for costs, for pre-judgment and post judgment interest to the full extent as allowed by law, and for such other and further relief, general and special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**BIEGANOWSKI LAW GROUP**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:    <u> /s/   Victor J. Bieganowski </u>
     **VICTOR J. BIEGANOWSKI**
     State Bar No. 02301100
     **JOSHUA J. BIEGANOWSKI**
     State Bar No. 24126829
     *Attorneys for Plaintiff*